UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON VALLEY TEXTILES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOFARI COLLECTIONS LTD., <br><br> Defendant. | Case No. 23-cv-03988-RS <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

## I. INTRODUCTION

This is a copyright infringement suit pursuant to 17 U.S.C. § 501. Plaintiff seeks entry of default judgment. Plaintiff Silicon Valley Textiles is a manufacturer and distributor of home goods and clothing bearing its original and third-party licensed designs. Sofari Collections Ltd. is an Ontario-based seller of similar goods, such as bedding and clothing, and DOES 1-10 are unknown defendants that Plaintiff alleges acted in concert and as agents of each other to act unlawfully (collectively, "Defendants"). Plaintiff moves for default judgment against Defendants, seeking a permanent injunction, statutory damages ($150,000), attorney's fees ($21,875), and costs ($402).

## II. BACKGROUND

Plaintiff avers that Defendants infringed on its copyrighted design item #16112, ("Copyrighted Design") by manufacturing and offering for sale various goods that contain "substantially, if not strikingly, similar" designs to the Copyrighted Design. Defendants are not licensed to reproduce, prepare derivative works of, display copies of, or distribute the Copyrighted Design. Plaintiff claims that Defendants approached Plaintiff approximately 2-3 years ago to

purchase Plaintiff's products depicting the Copyrighted Design. Defendants directed Plaintiff to purchase the goods from one of their distributors, which, upon Plaintiff's belief, Defendants did.

Plaintiff alleges that the court has jurisdiction over Defendants because they are "doing business in California" by distributing the alleged infringing products in this state. Furthermore, Plaintiff, a California resident, alleges Defendants infringe on Plaintiff's rights.

This action arises under federal law of copyright infringement, 17 U.S.C. § 501, so subject matter jurisdiction is satisfied. *See* 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks"). Further, Defendants were properly served with a summons and complaint pursuant to Article 10 of the Hague Service Convention.

## III. LEGAL STANDARD

### A. Personal Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Without an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). To determine personal jurisdiction, a forum court may apply the long arm statute of the state in which it is located. California's long-arm statute, Cal. Code. Civ. Pro. § 410.10, permits jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Therefore, the exercise of jurisdiction must comport with due process. A defendant who is not present in the forum may be subject to jurisdiction only when he has certain "minimum contacts" with the forum state such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The party seeking to invoke the jurisdiction of the federal court bears the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Personal jurisdiction may arise from general or specific jurisdiction. The

standard for establishing general jurisdiction is high and requires that the defendant's contacts with the forum state "approximate physical presence." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (*citing Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000)).

If general jurisdiction is unavailable, the court may exercise jurisdiction over the defendant based on specific jurisdiction. The Ninth Circuit has a three-step test to determine whether a court may exercise specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction in the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*IO Group., Inc. v. Jordan*, 706 F. Supp. 2d 989, 994-95 (N.D. Cal. 2010) (citation omitted). The first step is satisfied by either purposeful availment or purposeful direction, "two distinct concepts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006). In cases involving copyright infringement, purposeful direction is used. *See Jordon*, 706 F. Supp. 2d at 995. Purposeful direction cases typically employ the "effects" test from *Calder v. Jones*, 465 U.S 783 (1984). *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The *Calder* test imposes three requirements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal citation omitted). The Ninth Circuit has held that willful infringement of a copyright owned by a Plaintiff, which has its principal place of business in the forum state, is sufficient to satisfy the purposeful availment test. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc*., 106 F.3d 284, 289 (9th Cir. 1997) (rev'd on other grounds); *Jordon*, 706 F. Supp. 2d at 995.

### B. Default Judgment

Once procedural requirements are met, a district court's decision whether to enter a default

1  judgment following entry of default is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

2  Cir. 1980); Fed. R. Civ. Pro. 55(b)(2). In exercising this discretion, courts consider: "(1) the

3  possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the

4  sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a

5  dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the

6  strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

7  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the *Eitel* factors, all

8  factual allegations in the complaint are taken as true, except for those relating to damages.

9  *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## IV. DISCUSSION

### A. Specific Personal Jurisdiction is satisfied

Defendants do not have their primary place of business in California, nor are they incorporated in the forum. Therefore, general personal jurisdiction may not be exercised over Defendants. However, Plaintiff alleges that this court has specific personal jurisdiction as to the Defendants because they "distribute the infringing goods in California" and Defendants "knowingly infringed on SVT's copyrights." Since it is a California resident, Plaintiff argues this amounts to Defendants "purposefully directing [their] activities towards California." Mot. at 4.

Whether Plaintiff satisfied the *Calder* test requires a finding that Defendants willfully infringed on resident Plaintiff's Copyrighted Design. Plaintiff alleges Defendants did so by committing an intentional unlawful act. To prove willful infringement, Plaintiff must show "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (internal quotes omitted). As evidence of willful infringement, Plaintiff points to the fact that Defendant Sofari Collections reached out to Plaintiff 2-3 years ago about where they could buy Plaintiff's products consisting of the Copyrighted Design. After Plaintiff directed Defendants to its distributors, Plaintiff believes, but is not certain, that Defendants actually bought Plaintiff's goods

from Plaintiff's distributors. Taking these facts as true, Plaintiff has advanced a sufficient prima facie case that Defendants actions were willful.

The second inquiry under the Ninth Circuit's test is whether the claim arises from the Defendant's forum-related activities, i.e., "but for" Defendants' forum-related conduct, Plaintiff would not have been injured. *See Myers v. Bennett Law Offs.*, 238 F.3d 1068, 1075 (9th Cir. 2001). Plaintiff contends that Defendants market and sell their infringing products to resident Plaintiff's wholesale customers at lower costs and that the infringing goods are distributed in California. The entire basis of Plaintiff's injury is this forum-related conduct. Therefore, based on Plaintiff's contentions, this requirement is satisfied. *See, e.g., Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774-75 (1984).

The third requirement is whether the exercise of jurisdiction is reasonable. Even if the first two steps are met, the exercise of jurisdiction must be reasonable to satisfy the Due Process Clause, but there is a rebuttable presumption of reasonableness. *See Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474–75 (9th Cir.1995); *Columbia Pictures Television*, 106 F.3d at 289 (citation omitted). Defendants bear the burden of overcoming this presumption by "presenting a compelling case that jurisdiction would be unreasonable." *Columbia Pictures Television*, 106 F.3d at 289. Defendants have not appeared to contest the reasonableness of jurisdiction here. *See Gavrieli Brands, LLC v. GmbH*, No. 2:22-cv-06112-MCS-MRW, 2023 WL 6143497 (C.D. Cal. Sept. 19, 2023). Therefore, Plaintiff has made a prima facie showing that specific personal jurisdiction over the Defendants is proper.

**B. Default Judgment**

Plaintiff seeks entry of default judgment against Defendants, a permanent injunction, and fees and damages. The seven *Eitel* factors lean towards granting Plaintiff's motion.

The first *Eitel* factor weighs in favor of entry of default judgment. The Copyrighted Design is one of Plaintiff's more popular designs and appears in a wide array of their goods. Plaintiff would be left "without other recourse for recovery" for which it is entitled if Defendants

are permitted to continue infringing and default judgment is not granted. *Philip Morris USA, Inc. v. Castworld Prods. Inc*., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

The second and third *Eitel* factors are often analyzed together because they require that plaintiff's assertions "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). These factors also weigh in favor of default judgment. To state a claim for copyright infringement pursuant to 17 U.S.C. § 501, Plaintiff must plausibly show "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Plaintiff has sufficiently shown ownership of the Copyrighted Design, also known as the 16112 Design, evidenced in U.S. Copyright Registration Nos. VA0002251839 and VA0002305079. *See also* Dkt. 11-1 (providing the Certificate of Registration for the 16112, Registration No. VA0002251839). A copyright owner's exclusive rights include the right to reproduce the copyrighted works in copies, prepare derivative works, or distribute copies by sale. Plaintiff here has provided examples of Defendants' goods that display the Copyrighted Design in violation of Plaintiff's exclusive rights. Plaintiff also alleges that Defendants have unlawfully distributed these goods to Plaintiff's customers at lower prices, undercutting Plaintiff's sales. Therefore, Plaintiff has sufficiently plead a meritorious claim for relief.

The fourth *Eitel* factor also weighs in favor of granting entry of default judgment. This factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Elias v. Allure SEO*, No. 20-CV-06031-RS, 2022 WL 2755351, at *2 (N.D. Cal. July 14, 2022) (citation omitted). Plaintiff has sufficiently pled that Defendants willfully infringed on its copyright. The statutory maximum for willful copyright infringement is $150,000, which is what Plaintiff seeks, and after having provided a supplemental brief in support of its argument, Plaintiff has sufficiently shown why it should be awarded this amount. This is discussed further below. *See infra* Section IV.C.2.a.

The fifth factor concerns the possibility of a dispute pertaining to material facts. This factor weighs in favor of Plaintiff. First, Plaintiff has provided evidence of ownership of the Copyrighted Design via the Certification of Registration. Second, Plaintiff has proffered evidence that Defendants knew of Plaintiff's design because they approached Plaintiff several years ago to inquire about their goods consisting of the Copyrighted Design, and, on Plaintiff's belief, subsequently bought the goods. Therefore, Plaintiff has sufficiently shown the infringement is willful. Third, Plaintiff has submitted two examples of goods sold by Defendants, bathmats and sweatshirts, that feature Plaintiff's Copyrighted Design. There may be additional facts pertaining to how many infringing goods Defendants sold, but Plaintiff has provided enough facts that, taken as true, indisputably establish a case for willful copyright infringement.

The sixth factor also weighs in favor of Plaintiff. This factor questions whether Defendants default is due to some excusable neglect. While Defendants are based in Ontario, Canada, they were properly served pursuant to Article 10 of the Hague Service Convention. They have not appeared or otherwise informed Plaintiff or the court of why their default occurred. Furthermore, Defendants acknowledged receipt of the Complaint, but failed to respond to Plaintiff counsel's subsequent emails.

The seventh and last *Eitel* factor also weighs in favor of entry of default judgment. Although the Federal Rules of Civil Procedure have a strong policy favoring decisions on the merits, Defendants have failed to appear or to answer Plaintiff's Complaint. According to Plaintiff's attorney, they have also failed to respond to Plaintiff counsel's principal settlement terms via email. This makes judgment on the merits impractical. Therefore, despite the Federal Rules of Civil Procedure's strong policy favoring such decisions, this factor weighs in favor entry of default judgment.

**C.  Remedies**

Plaintiff seeks a permanent injunction against Defendants. In addition, Plaintiff seeks $150,000 in statutory damages, $21,875 in attorneys' fees, and $402 in costs associated with court filing fees.

*1. Permanent Injunction*

Plaintiff argues that Defendants should be permanently enjoined from further infringing on Plaintiff's Copyrighted Design. The decision to grant permanent injunctive relief for Plaintiffs is discretionary. There is a four-factor test a plaintiff must demonstrate to be awarded a permanent injunction:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 388 (2006). Plaintiff argues it faces irreparable injury due to the continued threat of Defendants' infringement and its inability to control the circumstances in which consumers can view the design and ensure the quality of the goods on which the Copyrighted Design appears. Plaintiff has sufficiently addressed the first factor. Next, Plaintiff argues that legal remedies are inadequate to address the injury Plaintiff suffers. Specifically, Defendants' infringement harms Plaintiff's goodwill, brand, reputation, and market share, some of which are unquantifiable and thus incapable of being addressed by a legal remedy. Further, Plaintiff correctly contends that the balance of hardships tips in its favor. Defendants cannot "claim any legitimate hardships as a result of being enjoined from committing unlawful activities" whereas Plaintiff would suffer significant hardships if Defendants were permitted to continue unlawfully infringing on their Copyrighted Design. *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009). Finally, Plaintiff insists that injunctive relief serves the public interest. The Copyright Act protects the labor of creators. Indeed, "the public receives a benefit when the legitimate rights of copyright holders are vindicated." *Id*. Enjoining Defendants from impermissibly infringing on Plaintiff's exclusive rights would, therefore, appropriately serve the public interest aims of the Copyright Act. Based on these factors, Plaintiff is entitled to a permanent injunction.

*2. Damages*

    a. Statutory damages

Plaintiff is entitled to statutory damages, and is seeking $150,000, the statutory maximum for willful copyright infringement. It has provided a supplemental brief with additional facts to guide the analysis for how much statutory damages must be awarded. "Statutory damages are particularly appropriate in a case, such as this one in which [the] defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). District Courts in the Ninth Circuit use four factors to guide a statutory damages analysis. *See Getty Images (US), Inc. v. Virtual Clinics*, No. C13–0626JLR, 2014 WL 358412 at *7 (W.D. Wash. Jan. 31, 2014); *Controversy Music v. Shiferaw*, No. C03–5254 MJJ, 2003 WL 22048519 (N.D. Cal. July 7, 2003). The four factors are "(1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully." *Getty Images*, 2014 WL 358412 at *7. The first two factors are similar and often analyzed together. *Id*.

Here, the first two factors suggest an award for the maximum statutory damages would be appropriate. While Plaintiff cannot be expected to provide evidence of Defendants' profits, and indeed Defendants have failed to provide Plaintiff with sales information to calculate its profits resulting from its unlawful conduct, Plaintiff has provided additional facts to support its argument. Plaintiff asserts that it has applied the Copyrighted Design to over one hundred different SKUs, ranging from "blankets, bedding, bathroom sets, kitchen accessories, furniture and home goods, school supplies, wallets/bags/luggage, automotive accessories, pet accessories, toys, and a clothing line." Singh Decl. at ¶ 3. The Copyrighted Design is the primary design comprising these products, as evidenced by Plaintiff's catalog. Plaintiff further provides information that it has lost over $100,000 in revenue from Defendants infringement of the Copyrighted Design as to the sale of bathmats alone. In 2022, the year the infringing bathmats entered into the marketplace, Plaintiff asserts that its bathmat sales were half of those in 2021, with a further 12% decrease in 2023. The difference in costs between Plaintiff's goods with the Copyrighted Design and Defendants' goods also show that Plaintiff will continue to experience

significant lost revenues should Defendants' infringement be allowed to continue. For example, Plaintiff sells bathmats for $18-$20 each, whereas Defendants sell bathmats for $12 each, and Plaintiff's hoodies bearing the Copyrighted Design cost $20-24 each while Defendants' infringing hoodies cost $15 apiece. The first two factors thus weigh in favor of awarding Plaintiff $150,000 in statutory damages.

As to the third factor, there is a strong public interest in ensuring the integrity of copyright laws, and Plaintiff sufficiently shows that public interest will not be advanced with a lower damages award. This factor considers the severity or egregiousness of the Defendants' conduct. *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200 (W.D. Wash. 2014). After being served the complaint, Defendant initially corresponded with Plaintiff's counsel regarding settlement, before going silent and continuing to expand its range of products bearing the Copyrighted Design. In early November of 2023, parties attended a trade show, the IGES Smoky Mountain Gift Show in Tennessee, and Defendant exhibited various infringing goods at its booth. Plaintiff was also present at the show and exhibited its goods. Therefore, Plaintiff has sufficiently alleged the infringement was willful, and Defendants' behavior is so egregious as to justify the statutory maximum for willful copyright infringement damages. This would advance the public interest in ensuring the integrity of copyright laws.

The final factor considers whether the infringer acted willfully. Here, as discussed above *supra* Section IV.A., Plaintiff has sufficiently demonstrated a prima facie case of willful copyright infringement. Based on these four factors, Plaintiff is entitled to a statutory damage award of $150,000.

b. Attorneys' fees and costs

The Copyright Act authorizes award of "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. This award is discretionary and must "seek to promote the Copyright Act's objectives." *Hist. Rsch. v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996). There are five factors available to guide the attorneys' fees analysis: "(1) the degree of success obtained; (2) whether the lawsuit was frivolous; (3) motivation; (4) objective legal or factual unreasonableness;

and (5) the need to advance the considerations of compensation and deterrence." *Curtis*, 33 F. Supp. 3d at 1220 (citation omitted). Here, these factors weigh in favor of granting attorneys' fees.

Calculation of reasonable attorneys' fees requires a lodestar analysis based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). Plaintiff's requested award for attorneys' fees is reasonable. Plaintiff seeks $21,875 in attorneys' fees and provides an accounting for support. This figure represents the hourly rates of Mr. Mizrahi, the senior attorney, Ms. Burdette, the senior associate, and Ms. Yamada, the litigation paralegal, all working on this matter. Plaintiff's counsel has provided sufficient evidence of why their hourly billing rates are $550, $450, and $300, respectively. Furthermore, counsel provided a table outlining the number of hours each of them expended on this matter. Counsel asserts expending 41.8 billing hours. While the billing sheet, Exhibit 2, lacks specific detail to support their assertion, this amount of time seems reasonable based on the substance of work involved in this matter. Therefore, based on the length of the complaint and the various filings by Plaintiff, it is reasonable that counsel expended 41.8 hours on this matter, so an award of $21,875 for attorneys' fees is warranted.

Plaintiff further seeks award of fees associated with litigation costs in the amount of $402 comprised of the filing fee. This is reasonable and is thus granted.

## V. CONCLUSION

Plaintiff's motion for default judgment is granted. Defendants and their officers, members, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them are enjoined from unlawfully infringing on Plaintiff's exclusive rights. They are restricted from manufacturing, importing, exporting, distributing, displaying, advertising, selling, or offering to sell Plaintiff's Copyrighted Design or otherwise infringing on Plaintiff's exclusive rights under the Copyright Act. Furthermore, Plaintiff is entitled an award of $150,000 statutory damages, $21,875 in attorney's fees and may also recover $402 in costs.

**IT IS SO ORDERED**.

Dated: November 28, 2023.

_____
RICHARD SEEBORG
Chief United States District Judge